## KELLY ENERGY SYSTEMS, INC. *v.* COMMERCIAL INDUSTRIES CORPORATION ET AL.
### (4807)

BORDEN, BIELUCH and O'CONNELL, Js.

Argued November 12, 1987—decision released January 12, 1988

*Richard E. Greenspan,* for the appellant (named defendant).

*Maureen S. Caine,* for the appellee (plaintiff).

PER CURIAM. The named defendant appeals from the judgment rendered, after a court trial, in favor of the plaintiff on the first count of the complaint. We have fully reviewed the named defendant's three claims of error. With respect to its first two claims, it is disposi-

tive that the trial court employed an erroneous measure of damages. The court found that the plaintiff's employee negligently caused the roofing materials, which were the subject of the contract between the parties, to leak. This finding was consistent with the claim of the named defendant in its special defense and counterclaim that the roofing materials were installed in a defective manner. Thus, the court had no basis to award, as it did, a recovery to the plaintiff measured by the sales price of the materials supplied by the plaintiff less a 20 percent discount to the named defendant. See *Johnson* v. *Flammia,* 169 Conn. 491, 499, 363 A.2d 1048 (1975). Although the named defendant did not move for articulation of the court's decision, it is clear that, no matter how the award is viewed, it was the result of a method of calculation of damages not contemplated by our law. This conclusion makes it unnecessary to review the named defendant's third claim of error. Furthermore, since in this case the issue of liability is so inextricably intertwined with the issue of damages, a new trial on both is required in the interest of justice.

There is error, the judgment is set aside and the case is remanded for a new trial.